FILED

BD

2017 MAY 18 PM 2: 18

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE UNITED STATES OF AMERICA
And THE STATE OF FLORIDA,
*ex rel*, DOUGLAS MALIE,

        Plaintiffs,

v.                                    Case No. 3:16-cv-1054-J-34MCR
                                      **FILED UNDER SEAL**

FIRST COAST CARDIOVASCULAR
INSTITUTE, P.A., YAZHAN KHATIB, M.D.,
and VAQAR ALI, M.D.,

        Defendants.
_____/

## UNITED STATES' CONSENTED *EX PARTE* APPLICATION FOR PARTIAL LIFTING OF THE SEAL AND MEMORANDUM OF LAW IN SUPPORT

The United States hereby applies for an *ex parte* order partially lifting the seal to permit the United States, at its discretion, to disclose this action, the allegations in this action, and a copy of the complaint, and any subsequent amended complaints that may be filed, to the named Defendants. The relator consents to this relief. The grounds for this motion are set forth below.

I. **Background**

Relator filed this *qui tam* Complaint under the False Claims Act, 31 U.S.C. §§ 3729 - 3733, on or about August 10, 2016, and completed service of the same on the United States on September 6, 2016.

The United States' investigation has progressed to settlement negotiations with Defendants. During settlement negotiations, the presence of a *qui tam* complaint

S-11

is relevant to *qui tam* defendants in at least two ways: (1) because 31 U.S.C. § 3730(d) provides the relator's attorneys' fees and costs shall be charged to the *qui tam* defendant, defendants often wish to know whether a relator is present to calculate its potential exposure; and (2) the particular allegations and claims in the complaint may affect the applicability of insurance policies upon which defendants can draw.

## II. Points and Authorities

The False Claims Act requires that *qui tam* complaints filed by private parties be filed *in camera* and remain under seal for at least sixty days. 31 U.S.C. § 3730(b)(2). After the initial sixty-day period, the United States may move for extensions of time to conduct its investigation, during which time the action remains under seal. 31 U.S.C. § 3730(b)(3). At the end of the seal period, the "complaint is unsealed and served upon the defendant . . . ." 31 U.S.C. § 3730(b)(3). The seal imposed by the False Claims Act is for the government's benefit alone, and protects the integrity of sensitive investigations into allegations of fraud.

In this case, granting the instant motion will benefit all parties involved, and would move this case towards resolution.

## III. Conclusion

For the foregoing reasons, the United States respectfully requests that the Court grant its *ex parte* application for partial lifting of the seal to disclose this action, the allegations in this action, and a copy of the complaint, and any subsequent amended complaints that may be filed, to the named Defendants.

Dated: May 18, 2017

Respectfully submitted,

W. STEPHEN MULDROW
Acting United States Attorney

SHEA GIBBONS
Assistant United States Attorney
USA No. 0000172
United States Courthouse
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone No. (904) 301-6258/6300
Facsimile No. (904) 301-6310
Email: Shea.Gibbons@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of May, 2017, the foregoing United States' *Ex Parte* Application for Partial Lifting of the Seal and Memorandum of Law in Support was served by United States mail, first class postage prepaid, upon the following counsel of record:

Roland Riggs
One Pennsylvania Plaza
New York, New York 10119-0165

Kevin J. Darken
201 E. Kennedy Blvd., Suite 1950
Tampa, Florida 33602

By: _____
SHEA GIBBONS
Assistant United States Attorney